# IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT, EASTERN DIVISION, AT: MONTGOMERY, ALABAMA

RECEIVED
2007 JUN 27 A 9:54
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

GENE COGGINS Pro st
1436 COUNTY ROAD #299
LANETT, AL 36863
Plainttiff

3:07-cv-597-WHA

CIVIL ACTION NO. 3:07-CV-04-94

DISTRICT COURT NO.________________

DARYL KIZZIAH,and WIFE
LYNN KIZZIAH
Defendant

## COMPLAINT AND MOTION TO APPEAL ORDER

COMES NOW, THE PLAINTIFF GENE COGGINS WITH THIS COMPLAINT, AND MOTION TO APPEAL ORDER IN THE ABOVE CASE, FILED IN THE PROPER COURT, WITH FEES AND COST COVERED WITH PROPER MOTION. TO BE HEARD ONLY BEFORE A DISTRICT JUDGE AS GIVEN IN, 9 Edmunds Cyclopedia of Federal Procedure 3919. FOR A MAGISTRATE JUDGE CAN BE APPOINTED BY THE FEDERAL DISTRICT JUDGE OR A UNITED STATES COMMISSION, TO HEAR MINOR CASES ONLY, AND THIS APPEAL IS BASED UPON GUARANTEED CONSTITUTION RIGHTS THAT ARE MAJOR COMPLAINTS AND MUST BE ADDRESSED ONLY AS SUCH.

THIS APPEAL CAME ABOUT FROM THE FOLLOWING;

1. THIS CASE HAS BEEN FILED IN COURT SINCE APRIL OF 11994, THIS TIME LIMIT DESTROYS THE GUARANTEED CONSTITUTION RIGHT FOR A SPEEDY TRIAL THE FEDERAL ACT OF 1974 SET OUT AND ESTABLISHED

TIME LIMITS ON ALL EVENTS CARRIED OUT IN THE JUDICIAL SYSTEM AS SO PLACED ON THE SHORT TERM CALENDER SO AS TO ASSURE A SPEEDY TRIAL . THE 7th AMENDMENT OF THE UNITED STATES CONSTITUTION REQUIRES A TRIAL BY AN IMPARTIAL JURY EITHER **CIVIL OR CRIMINAL ON ALL ISSUES** BETWEEN THE PARTIES, WEATHER THEY BE ISSUES OF LAW OR FACTS, WITH NO RESTRAINTS OR ILLEGAL COST ADDED ON, BEFORE A COURT THAT HAS PROPER JURISDICTION. Fed. R. Civil P. 38 (a), 48 Crim. P. 23, 33, Fed. R. Civil P. 59, U.S. C. A. s/s 3161, Baker V: Wingo, 407, U.S. 514, 92, S. Ci. 2182, 33, LED 2d, 101, Bryant V: State Md. App. 572, 244, A. 2d, 446, 448, 6th Amendment of the United States Constitution..

A SPEEDY TRIAL IS NOT CONFINED TO MERELY AN IMPAIRMENT, BUT INCLUDES ANY THREAT TO WHAT HAS BEEN TERMED AS ACCUSED'S SIGNIFICANT STAKES, PSYCHOLOGICAL, PHYSICAL, FINANCIAL IN THE COURSE OF A PROCEEDING WHICH MAY ULTIMATELY DEPRIVE HIM OF PROPERTY, LIFE, LIBERTY, OR PRESUIT OF HAPPINESS.. U.S. V: Dryer C. S. N. J. 533, F 2D, 112, 115.. DENYING ME THIS RIGHT TO A SPEEDY TRIAL, IS ANOTHER ILLEGAL PROCESS, THAT DESTROYS MY GUARANTEED CONSTITUTION RIGHT.

2. DENYING MY RIGHT FOR A TRIAL BY JURY IS GUARANTEED BY THE 6th AND 7th AMENDMENT OF THE UNITED STATES CONSTITUTION, THAT REQUIRES A TRIAL BY AN IMPARTIAL JURY ON EITHER CIVIL OR CRIMINAL CASES ON ALL ISSUES BETWEEN THE PARTIES.. THIS RIGHT WAS DENIED BY PLACING A ILLEGAL COST UPON A JURY TRIAL.

3. THIS ILLEGAL COST PLACED UPON ANY ACTION IS COVERED IN FEDERAL RULE APP. P. 28 - 39, U. S. C. May V: Williams 17 Al 23 (1849).. ANY PARTY HAS THE GUARANTEED RIGHT TO APPEAR IN ANY COURT WITHOUT PREPAYMENT OF FEES, COST , OR GIVING ANY SECURITY THERE-OF..

4. UNDER THE DUE PROCESS OF LAW, THE ALLOWANCE OF AN APPEAL FROM A LOWER COURT IS A GUARANTEED CONSTITUTION RIGHT WHEN A LOWER COURT FAILS TO, OR REFUSES TO DISSOLVE ALL ISSUES INVOLVED, IN DETERMINING THE RIGHTS AND LIABILITIES OF THE PARTIES INVOLVED IS IMMEDIATELY APPEALABLE, AND NO ILLEGAL COST OR RESTRICTIONS CAN BE ADDED ON.. Budinich V: Becton Dickinson & Co. 486 U.S. 196, 201, 108, S. Ct. 1717-1722, 100 L. Ed. 2d, 178, (1988), LaChance V: Duffy"s Draft House, Inc. 146, F. 3d, 832, 837, (11th Cir. 19980, Fed. R. Civil P. 56..

**PROPER AUTHORITY:**

THE RIGHT TO BE HEARD IN ANY COURT IN THE UNITED STATES IS A GUARANTEED CONSTITUTIONAL RIGHT, BY A JURY OF HIS PIERS. s/s 34 - 3 - 19 ANY PERSON MAY MANAGE HIS OWN CASE IN ANY COURT IN THE UNITED STATES OF AMERICA, THAT EVERYONE HAS THE GUARANTEED CONSTITUTIONAL RIGHT TO REPRESENT THEM SELF IN ANY CASE, IN ANY COURT IN THIS LAND.. Code 1852, s/s 737, Code 1867, s/s 871, Code 1876, s/s 790, Code 1886, s/s 863, Code 1896, s/s 589, Code 1907, s/s 2981, Code 1923, s/s 6246, Code 1940, T. 46 s/s 41..

**A STATE CANNOT EXCLUDE A PERSON FROM THE PRACTICE OF LAW**

**OR FROM ANY OTHER OCCUPATION IN A MATTER OR FOR REASONS THAT CONTRAVENE THE DUE PROCESS OF OR EQUAL PROTECTION CLAUSE OF THE 14th AMENDMENT. 535, U.S. AT: 238 - 239, 77 S. CT. AT: 756.. GUARANTEES FAIR PROCEDURES AND** SUBSTANTIVE **UNDER SAFEGUARD FOR THE PROTECTION OF INDIVIDUAL RIGHTS**

**SERVICE:**

**THE SUMMONS MAY BE HANDLED AS :**

1. THE EXHIBITION OR DELIVERY OF A SUMMONS AND COMPLAINT, WILL BE DELIVERED IN PERSON BY AN AUTHORIZED PERSON;

   NAME________________________________DATE___________________________

2. BY PLACING IN THE UNITED STATES MAIL, POSTAGE PREPAID, WITH RECEIPT BY CERTIFIED MAIL SENT BACK TO CLERK OF COURT, AND SENT TO THE LAST KNOWN ADDRESS.

3. OR TO BE PUBLISHED IN THE LOCAL NEWS PAPER,

   NAME OF PAPER________________________________DATE_________________

THE DEFENDANT MUST TAKE ACTION WITHIN TIME SPECIFIED OR DEFAULT AND DEFAULT JUDGMENT WILL BE FILED AGAINST YOU FOR ALL OF THE RELIEF REQUESTED IN THE COMPLAINT. Fed. R. Civil P. 4, 5, Fed. R. Crim. P. 4, 49, Chemical Specialties Sales Corp. Industrial Div. V: Basic Inc. D. C. Conn. 296, F. Supp. 1106, 1107, Fed. R. Civil P. 4(e), all must comply to the Fair Labor Standards Act...

**JURISDICTION:**

WHERE THERE IS A GUARANTEED CONSTITUTION RIGHT OR QUESTION

INVOLVED IN A CASE,  THIS AUTOMATIC BECOMES AN ISSUE THAT MUST BE

SETTLED IN FEDERAL COURT, WHERE PROPER JURISDICTIONS ARE MET.. THE

LEGAL RIGHT EXIST WHEN THE COURT HAS COGNIZANCE OF CLASS OF CASES,

INVOLVING PROPER PARTIES AND POINTS TO BE DECIDED IS WITHIN THE

POWER OF THE COURT.  United Cemeteries Co.  V: Strother, 342 Mo.  1155,  119, S. W.

2d, 762, 765.  THE DISPENSING OF FAIR JUSTICE TO ALL CITIZENS, JURISDICTION

IS NOT LIMITED TO SUBJECT MATTER, OR AMOUNT SOUGHT IN THE

LITIGATION, BUT FACTS MUST EXIST FOR THE FEDERAL COURT TO HAVE

PROPER JURISDICTION ON ANY PARTICULAR CASE, INCLUDES THESE FACTS:

1.     THE DEFENDANT HAS BEEN SERVED WITH THIS ON GOING PROCESS,

2.     THAT THE CONTROVERSY EXCEEDS A CERTAIN SUM,

3.     THAT THE PARTIES ARE CITIZENS OF THE UNITED STATES.

ALL OF THE ABOVE REQUIRED QUALIFICATIONS FOR PROPER

JURISDICTION ARE MET. AND THEREFORE THIS UNITED STATES DISTRICT

COURT AS GIVEN AT THE BEGINNING OF THIS COMPLAINT IS THE PROPER

JURISDICTION FOR THIS COMPLAINT..

**EVIDENCE OF FACTS:**

WHEN MY MOTHER PURCHASED FORTY ACRES OF LAND IN SECTION 22,

TOWNSHIP 22, RANG 22, SHE GAVE  HER FATHER HALF OF THE PROPERTY WITH

AN UNDERSTANDING THAT THE OLD WALKER FERRY ROAD WOULD BE THE

DIVIDING LINE BETWEEN THE TWO PROPERTIES.   TO VERIFY THIS

AGREEMENT AN AFFIDAVIT (INCLOSED), FROM THE ONLY PERSON FROM THE

MR. AND MRS O.B.. MILAM LEFT ALIVE AND HAS LIVED HERE FROM THE TIME THIS LAND WAS PURCHASED. THE NEXT DEED MR. MILAM GAVE TO TALLAPOOSA COUNTY ROAD COMMISSIONERS AS A RIGHT - OF - WAY DEED, (INCLOSED, EXZ. #3 ), BEGINNING AT HIGHWAY 280, AND FOLLOWING THE OLD WALKER FERRY ROAD. MR. MILAM BUILT THEIR HOUSE THEY LIVED IN UPON THIS PROPERTY.. MR AND MRS MILAM GAVE THEIR DAUGHTER AND HER HUSBAND PERCY AND THELMA KIZZIAH A LOT THAT COVERED 1.14 ACRES TO BUILD UPON.. THIS WAS THE ONLY TRUE DEED EVER OWNED BY THELMA AND PERCY KIZZIAH ON THE DADEVILLE SIDE OF WALKER FERRY ROAD . WHEN MOTHER SOLD THEIR OLD HOUSE PLACE TO TERRY KIZZIAH, THEN HE SOLD IT TO HIS FATHER PERCEY KIZZIAH, AND MY SON RONNIE COGGINS BOUGHT THIS FROM HIM, THIS TWO ACRE LOT WAS ON THE ALEXANDER CITY SIDE OF THE WALKER FERRY ROAD, AND THIS WAS ALL OF THE LEGAL DEEDS PERCY AND THELMA KIZZIAH EVER OWNED ON THE ALEX CITY SIDE OF THE WALKER FERRY RD.. MY SON LATER SOLD THIS LOT TO RANDY PENNINGTON. AT THE TIME OF MR. AND MRS O. B. MILAM DEATH, THEY OWNED NO PROPERTY ACCORDING TO THE COPY OF DEEDS I GOT AT THE TALLAPOOSA COUNTY PROBATE OFFICE, (COPY INCLOSED), AT THEIR DEATH, THELMA AND PERCY KIZZIAH OFFERED TO PURCHASE THE REMAINING PROPERTY FROM ALL OF THE MILAM FAMILY. THEY CARRIED THE ORIGINAL DEED THAT MR AND MRS O. B. MILAM HAD AND HAD A JOINT SURVIVORS DEED DRAWN UP, WITHOUT ANY SURVEY OF REMAINING PROPERTY. UPON THE FRONT PAGE OF THIS ILLEGAL

DEED, STATES THAT THIS PROPERTY CONTAINED 20 ACRES MORE OR LESS. THIS WAS DATED FEBRUARY 20, 1984 ORIGINAL PURCHASED JULY 08, 1944. . CONTAINED ONLY 20 ACRES, THE TOTAL AMOUNT OF PROPERTY SOLD BY MR. AND MRS MILAM WAS MORE THAN WHAT THE ORIGINAL ACRES COVERED (COPY INCLOSED), HAVING A ILLEGAL DEED RECORDER, SELLING AND GIVING AWAY MORE THAN THE ORIGINAL 1.14 ACRES OWNED BY THE KIZZIAH FAMILY, MAKES THIS A FRAUDULENT ACT, AND CRIMINAL PROCEEDINGS SHOULD FOLLOW THIS COMPLAINT... WITH ALL OF THE FAMILY SIGNING THIS IILLEGAL SURVIVORS DEED DOES NOT MAKE IT LEGAL, FOR THEY OWNED NO REAL PROPERTY AT THEIR DEATH, TALLAPOOSA COUNTY COMMISSIONERS, THE STATE HIGHWAY DEPARTMENT, AND JOE AND FRANCIS FORBUS CHILDREN NEVER SIGNED THIS.. JOE AND FRANCIS FORBUS SIGNED THEIR PROPERTY OVER TO RANDY, MICKEY, AND DONNA FORBUS, LONG BEFORE MR. AND MRS. MILAM DIED. EVERY THING ABOUT THIS JOINT SURVIVORS DEED IS ILLEGAL AND NO FORM OF SIGNATURES OR SURVEYS CAN CREATE A TRUE DEED FROM THIS.. THE ONLY TRUE DEED IN THE KIZZIAH POSSESSION IS THE 1.14 ACRES MR AND MRS. O. B. MILAM GAVE THEM IN 1944.

**JUDGMENT:**

1. A FINE OF $500,000.00 PER DEFENDANT, FOR BUILDING UPON PROPERTY THEY HAVE NO TRUE DEED TO.
2. A STAY TO STOP ANY FORM OF TRESPASSING UPON THE PROPERTY IN QUESTION UNTIL FINAL APPEAL HAS BEEN ISSUED.

3. IF ANY ADDITIONAL APPEALS OR INTENTIONAL DELAYS MADE THE TOTAL JUDGMENT MUST BE TRIPLED, FOR EVERY INCIDENT. ANY MOTION TO AVOID THE PLEA AS GIVEN IN THIS COMPLAINT OR FAILS TO STATE IN SHORT AND PLAIN TERMS IS USELESS AND INSUFFICIENT ANSWER.. Wright V: Miller Fed. R. Civ. P.& P,, s/s 1196

**CONCLUSION:**

THIS CASE MUST BE HEARD BY AN IMPARTIAL, TRUTHFULLY AND FAITHFULLY, DISTRICT FEDERAL JUDGE, THAT CAN DISCHARGE THE DUTIES OF THIS OFFICE, ABIDE BY THE OATH OF OFFICE, WHEN SWORN IN, NOT ALLOWING OUTSIDE INFLUENCE ABOUT JUST DECISIONS, ABLE TO PLACE ALL OF THE GUARANTEED LAWS BY THE UNITED STATES CONSTITUTION, FEDERAL LAWS, AND STATUES THAT PROVIDE THIS DUE PROCESS OF LAW AND EQUAL PROTECTION TO ALL PEOPLE. THIS CASE REQUIRES A FEDERAL DISTRICT JUDGE ONLY, FOR THIS IS NOT CONSIDERED A MINOR OFFENSE. THIS CASE IS AGAINST THE LISTED DEFENDANTS ONLY, AND NOT AGAINST ANY COURT OR JUDGE. UNDER ALL OF THE EVIDENCE PRESENTED THIS ORDER MUST BE DECLARED NULL AND VOID,. AN JUDGMENT ORDERED AS SO GIVEN.

I HEREBY DECLAIR UNDER PENALTY OF PERJURY, THAT ALL STATEMENTS MADE IN THIS COMPLAINT ARE TRUE TO THE BEST OF MY KNOWLEDGE. A COPY OF THIS ACTION HAS BEEN SENT TO THE FOLLOWING;

Gene Coggins

GENE COGGINS Pro/st

# Attachment

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA
AT DADEVILLE

DARYL KIZZIAH, and wife, )
LYNN KIZZIAH. )

Plaintiffs, )

vs. ) Civil Action No: CV-04-94

GENE COGGINS, et al. )

Defendants. )

## ORDER

This matter having been previously set on numerous prior occasions was called for trial on the 9th day of May, 2007. Upon the call of the case for trial, Daryl Kizziah and Lynn Kizziah along with their Counsel, the Honorable Robin F. Reynolds, appeared before the Court. Defendant, Gene Coggins, Mike Coggins, and Diane Coggins were present before the Court, but, Defendant, Kenny Coggins was not present in Court and none of the remaining Defendants knew of his whereabouts. The Court notes that all of the Defendants had been served notice of the trial date. The Plaintiff announced ready for trial and Defendant, Gene Coggins, asked the Court for a continuance. This matter has been continued on at least three prior occasions, wherein the Defendants were represented by Counsel who has since withdrawn. The Defendant, Gene Coggins stated the basis for the continuance was that he had asked for a jury trial, and this matter was set for a bench trial.

The Court has previously addressed this issue. The case was called for trial on January 17, 2006 and the Court continued the matter based upon representation of the Defendant's Counsel that a jury trial had been demanded. The Court placed the case on the regular jury trial docket by Court's order of February 2, 2006. The Court was subsequently informed by the Circuit Clerk of Tallapoosa County that the Defendant had not paid the required jury trial fee and the Court ordered the Defendant to pay the fee within thirty days or the case would be reinstated upon the non-jury docket. This order was signed by the Court on the 19th day of April, 2006.

The Court entered an order on June 26, 2006 placing this case on the Court's non-jury docket for the Defendant's failure to pay the necessary filing fee requesting a jury trial. The matter has been continued one time subsequent to the Court's order of June 26, 2006 due to the poor health of the Defendant, Dianne Coggins Harrelson.

This case has a long history. Defendants had previously filed an action in the United States District Court Middle District of Alabama, Case number 3:04 CV 505-F on May 26, 2004. This matter was dismissed by the United States District Court for lack of subject matter and in personam jurisdiction. The Plaintiffs, Daryl and Lynn Kizziah filed this action in state Court stating two claims, a bill to quiet title to the property subject to this dispute and a trespass action against the

Defendants. The Court heard extensive testimony and received evidence and exhibits ***ore tenus.*** Plaintiffs introduced a survey by Dan Cook, a licensed surveyor in the State of Alabama, which was undisputed by the Defendants. In addition, Mr. Cook testified before the Court as to the location of the subject property and the results of his survey which clearly show the subject property lies in east Tallapoosa County, Alabama and is more particularly described as follows:

Commence at a concrete marker set by the Alabama Highway Department marking the northwest corner of Section 22, Township 22 North, Range 22 East, Tallapoosa County, Alabama; thence run due East 734.35 feet to the point of beginning; thence South 01 ° 56' 30" West 928.69 feet; thence South 22 ° 04' 26" East 130.67 feet; thence South 05 ° 03' 06" West 134.38 feet to the North right-of-way line of U.S. Highway No. 280 (under construction); thence along said right-of-way the following courses: South 81 ° 10' 37" East 60.63 feet; North 15 ° 03' 30" East 87.09 feet; North 88 ° 22' 25" East 64.52 feet; thence leave said right-of-way line North 05 ° 02' 18" East 94.38 feet; thence North 73 ° 22' 30" West 25.80 feet; thence North 16 ° 36' 14" East 132.13 feet; thence North 01 ° 56' 30" East 878.97 feet; thence due West 203.95 feet to the point of beginning; situated **in the East one-half of the Northwest Quarter of the Northwest Quarter of Section 22, Township 22 North, Range 22 East, Tallapoosa County, Alabama, and containing 5.093 acres. Less and except, an easement for ingress and egress, 20 feet in width bounded on the East side as follows: Commence** at a concrete marker set by the Alabama Highway Department marking the northwest corner of Section 22, Township 22 North, Range 22 East, Tallapoosa County, Alabama; thence run due East 734.35 feet; thence South 01 ° 56' 30" West 928.69 feet; thence South 22 ° 04' 26" East 130.67 feet; thence South 05 ° 03' 06" West 134.38 feet to the North right-of-way line of U.S. Highway No. 280 (under construction); thence along said right-of-way South 81 ° 10' 37" East 60.63 feet to the point of beginning of said East boundary of easement; thence North 15 ° 03' 30" East 87.09 feet; thence North 88 ° 22' 25" East 64.52 feet; thence North 05 ° 02' 18" East 94.38 feet to the point of ending of said East boundary of easement.

Which lies in the East half of the NW 1/4 of the NW 1/4 of Section 22, Township 22, Range 22 , Tallapoosa County, Alabama.

Mr. Cook further testified that he observed several car bodies, a trailer, an abandoned bus, and a concrete foundation located within the boundary of the Plaintiffs' property. The Court took testimony from Mr. Cook in the absence of Kenny Coggins and broke to allow the Defendants to locate Kenny Coggins before resumption of the matter. At the resumption of the trial, Defendants **Gene Coggins, Mike Coggins and Dianne Coggins stated to the Court that they had attempted to located Kenny Coggins and were unable to do so. The Court finds that it has jurisdiction over all Defendants and that each Defendant had been personally served notice of the date and time of trial.**

Plaintiffs introduced a series of deeds that show continuous ownership of the property in question by Plaintiffs family dating back to 1944.

**After a review of the deeds introduced by the Plaintiffs, it is quite clear that the property in question is located within the east half of the NW 1/4 of the NW 1/4 of Section 22, Township 22, Range 22, Tallapoosa County, Alabama.**

The Court further finds that the Defendants claim to ownership of the aforementioned property is based upon a deed to Defendants mother and father for the west half of the NW 1/4 of the NW 1/4 of Section 22, Township 22, Range 22, Tallapoosa County, Alabama. Of significance, the Court finds there was a joint survivor deed executed by the Defendants parents, Flossie Coggins and husband, Virgil Coggins, along with all other legal heirs at law of the Estate of O.B. Milam, deceased and Matilda Milam, deceased. This deed was executed and recorded on March 16, 1984 in Tallapoosa County Office of Judge of Probate. The Defendants claim of adverse possession to the subject property is without basis, or merit and as such, fails.

Plaintiffs, father, Terry Kizziah, testified that the subject property had been in his family since 1944, and had been passed down from generation to generation. Mr. Kizziah further testified to witnessing Mike Coggins and others depositing car bodies, a bus, various automobile parts, tires, batteries, etc., on the subject property along with pouring a concrete foundation and laying concrete blocks for a partially built structure on the Plaintiffs property.

The Court also heard testimony from Defendant, Mike Coggins that he had run a salvage yard from this location. Defendant, Mike Coggins testified that after this civil action was initiated he began removal of automobile bodies, other parts and debris including concrete blocks from the property. The Court finds that the Plaintiffs are entitled to the relief prayed for in the Complaint. Accordingly, it is ORDERED, ADJUDGED and DECREED:

1. That all right, title, interest and ownership of the Plaintiffs is hereby established and forever quieted both in rem and in personam against the property which is more particularly described as:

Commence at a concrete marker set by the Alabama Highway Department marking the northwest corner of Section 22, Township 22 North, Range 22 East, Tallapoosa County, Alabama; thence run due East 734.35 feet to the point of beginning; thence South 01 ° 56' 30" West 928.69 feet; thence South 22 ° 04' 26" East 130.67 feet; thence South 05 ° 03' 06" West 134.38 feet to the North right-of-way line of U.S. Highway No. 280 (under construction); thence along said right-of-way the following courses: South 81 ° 10' 37" East 60.63 feet; North 15 ° 03' 30" East 87.09 feet; North 88 ° 22' 25" East 64.52 feet; thence leave said right-of-way line North 05 ° 02' 18" East 94.38 feet; thence North 73 ° 22' 30" West 25.80 feet; thence North 16 ° 36' 14" East 132.13 feet; thence North 01 ° 56' 30" East 878.97 feet; thence due West 203.95 feet to the point of beginning; situated in the East one-half of the Northwest Quarter of the Northwest Quarter of Section 22, Township 22 North, Range 22 East, Tallapoosa County, Alabama, and containing 5.093 acres. Less and except, an easement for ingress and egress, 20 feet in width bounded on the East side as follows: Commence at a concrete marker set by the Alabama Highway Department marking the northwest corner of Section 22, Township 22 North, Range 22 East, Tallapoosa County, Alabama; thence run due East 734.35 feet; thence South 01 ° 56' 30" West 928.69 feet; thence South 22 ° 04' 26" East 130.67 feet; thence South 05 ° 03' 06" West 134.38 feet to the North right-of-way line of U.S. Highway No. 280 (under construction); thence along said right-of-way South 81 ° 10' 37" East 60.63 feet to the point of beginning of said East boundary of easement; thence North 15 ° 03' 30" East 87.09 feet; thence North 88 ° 22' 25" East 64.52 feet; thence North 05 ° 02' 18" East 94.38 feet to the point of ending of said East boundary of easement.

2. The clerk of this Court shall certify copies of this judgment and record the same in the Office of the Judge of Probate of Tallapoosa County, Alabama, and the same shall be indexed in the same books and in the same manner in which deeds are recorded and said judgment shall be indexed in the name of the Defendants against whom this relief is granted in the direct index and in the name of the Plaintiffs in possession of the property in the reverse index.

3. The Court finds that Defendant Mike Coggins is guilty of trespass. The Court provides Defendant Mike Coggins the alternative to remove all car bodies, car parts, buses, trailers, debris, batteries, parts of any nature, including the concrete foundation and all concrete blocks within sixty (60) days of this Order. Should Defendant, Mike Coggins fail to remove all of the aforementioned items, the court awards a monetary judgment in the amount of $5,000.00 to the Plaintiffs for which let execution issue.

4. Costs of this action are taxed as paid.

Done and Ordered this 20th day of June, 2007.

Ray D. Martin

Ray D. Martin, Circuit Judge

copies
6.20.07
R. Reynolds
G. Coggins
K. Coggins
M. Coggins
D. Narrelson

# AFFIDAVIT

My name is Jewell Carter, I am the only child living from the O.B. and Matilda Milam family. The 40 acres of land purchase by my sister Flossie Coggins in section 22, range 22, Township 22, was divided at purchase, with an agreement between my Father and Sister, that the pre-existing road ( known as the Walker ferry road) later named by 911 as the Milam road, would be the dividing line between the two properties, and a deed would be given to the Tallapoosa County for a 30' Right-of-way. My Father had an Attorney to make out this Deed without any plot plan or survey. The Right-of -Way Deed did not represent what the original agreement was, but our family lived by this agreement.

This was never a problem, until Mother and Father gave my oldest sister and her husband (Percy and Thelma Kizziah) a lot to build on. When they built their house was on the right-of way, Percy tried to close this road many times, but the Sheriff would threaten to lock him up if he did not keep the road open. This problem has gone on for three generations now, where the Kizziah Children and Grandchildren have been given Illegal Deeds to the Coggins side of the Milam road and built houses and business upon it. My oldest sister has given away more land than what the original Deeds called for.

Jewell Carter
Jewell Carter

Sworn to before me this 1st day of June ,2004

Notary Public

MY COMMISSION EXPIRES JUNE 20TH 2004
My commission expires

Seal:

# AFFIDAVIT

My name is Wilton Carter, I am Married to Jewell Carter, the only living child living from the O.B. and Matilda Milam family. My Wife and I are witness to the purchase of land by her sister Flossie Coggins and divide with Mr. O.B. Milam. Both parties agreed to use the old existing road, known as the Walker ferry road, later named as the Milam road by 911, as they agreed upon dividing line between the Coggins and Milam properties. They agreed to Deed a 30' right-of-way to Tallapoosa County as the permanent dividing line between the two parties.

This agreement was never a problem until, Mr. & Mrs Milam gave Percy and Thelma Kizziah a Deed for them to build upon. They built their hiuse upon the agreed right-of-way. They gave their Children and Grand Children Deeds to lots on the Coggins side of the (agreed upon dividing line) that they never owned.

Wilton Carter

Sworn to before me this 1st day of June, 2004.

Notary Public

MY COMMISSION EXPIRES JUNE 30TH, 2004

My Commission Expires

Seal:

# LOTS SOLD BY MR. O.B. MILAM AND WIFE MATILDA MILAM

IN SECTION 22, RANGE 22, AND TOWNSHIP 22, PURCHASED JULY 08, 1941, BY MRS FLOSSIE COGGINS FROM MR. R.M. NIKERSON BY DEED FOR 40 ACRES MORE OR LESS, GIVING HER FATHER MR. O.B. MILAM HALF (20 ACRES MORE OR LESS) AN AGREEMENT WAS MADE BETWEEN MR. O.B. MILAM AND MRS FLOSSIE COGGINS THAT THE OLD WALKER FERRY ROAD (RENAMED BY 911 AS THE MILAM ROAD) WOULD BE THE DIVIDING LINE BETWEEN THE TWO PARTIES. THAT 30' WIDE WAS ALLOWED FROM HIGHWAY 280 TO THE BACK SIDE OF PROPERTY, THIS LEFT ABOUT 18 ACRES PER PARTY, WITH THE ALEXANDER CITY SIDE FOR VIRGIL AND FLOSSIE COGGINS AND THE DADEVILLE SIDE FOR MR. AND MRS O.B. MILAM. MR. MILAM WAS TO RECORD AND MAKE THE DEED AS AGREEMENT. WHOEVER MADE THE DEED DESCRIBED A LOT 100 FT. WIDE BY 250 FT. DEEP, MADE AS A RIGHT-OF-WAY DEED SIGNED BY MR. O.B. MILAM. THIS WAS AN ADDITION TO THE ORIGINAL AGREEMENT. HERE MR. MILAM BUILT HIS HOUSE IN THE MIDDLE OF THE RIGHT-OF-WAY HE GAVE TO TALLAPOOSA COUNTY, AND WAS LATER SOLD TO THE DEPARTMENT OF TRANSPORTATION BY TERRY KIZZIAH, WHERE HE HAD NEVER RECEIVED A DEED FROM TALLAPOOSA COUNTY TO THIS PROPERTY.

MR. AND MRS.O.B.MILAM GAVE THEIR CHILDREN LOTS, SOLD PROPERTY TO THE STATE HIGHWAY DEPT. THREE TIMES, MAKING THE TOTAL LAND MORE THAN WHAT THEY OWNED. DETAILS BELOW;

| | NAME | ACRES |
|---|---|---|
| 1. | TALLAPOOSA COUNTY RIGHT-OF-WAY 100W. BY 250 DEEP | .45 |
| 2. | PERCY AND THELMA KIZZIAH | 1.14 |
| 3. | CHARLES MILAM | 2.50 |
| 4. | STATE HIGHWAY DEPT | 1.40 |
| 5. | CHAN MILAM | 1.00 |
| 6. | JOE & FRANCICE FORBUS | 3.0 |
| 7. | STATE HIGHWAY DEPT | 5.79 |
| 8. | WES PARTDRIGE..2 ACRES PURCHASED BY FORBUS | 2.0 |
| 9. | BESSIE STANDFIELD (KIZZIAH) | 1.25 |
| 10. | STATE HIGHWAY DEPT | 11.58 |
| | TOTAL ACRES | 30.11 |

SINCE THERE WAS ONLY ABOUT 18 ACRES IN THE BEGINNING, NO LAND WAS LEFT WHEN MR. & MRS O.B. MILAM DIED, AND THE HOUSE BELONGED TO TALLAPOOSA COUNTY, HOW COULD ANY LEGAL DEED BE ISSUED TO TERRY KIZZIAH, AS A SURVIVORS DEED FOR 20 ACRES MORE OR LESS WITH HIM GIVING ONE TO DARRYL KIZZIAH. WITH NO TRUE DEED THEY HAVE NO CASE.

# RIGHT-OF-WAY DEED FOR PUBLIC ROAD No. 18

STATE OF ALABAMA,

Tallapoosa County

KNOW ALL MEN BY THESE PRESENTS, That we, the undersigned, C. B. Milan and wife Matilda Milan of the County and State aforesaid, in and for the consideration of One Dollar ($1.00) in hand paid by Tallapoosa County the receipt whereof is hereby acknowledged and for the further consideration of the benefit accruing to us and to the public from the construction or improvement of a public road through our lands, in Tallapoosa County, do hereby give, grant, bargain, sell and convey unto Tallapoosa County, its successors or assigns, a Right-of-Way hereinafter described, over and across our said lands in Tallapoosa County, Ala., for a public road, which right-of-way shall be 100 feet in width on north side of the center line of said road, as it is now located and staked out by the State Highway Department or as much of our lands as is required to make a 200 foot right-of-way across our lands, said right-of-way herein conveyed being more particularly described as follows, to-wit:

As shown by the right of way map of project F-78(5) as recorded in the office of the Judge of Probate of Tallapoosa County.

Beginning at station [illegible] on centerline of project F-78(5); thence S 52° 23' E, a distance of 247 feet to station [illegible], the east property line.

Said strip of land being 100 feet wide on north side of centerline of said project from station [illegible] to station [illegible], and lying in the [illegible] of [illegible], Section [illegible], T [illegible] N, R 22 E, and containing 0.23 acres, more or less, in addition to that part occupied by the present right of way of [illegible] Highway No. 280.

[illegible] Tallapoosa County, or its Assigns, and [illegible] the construction [illegible] aforesaid, and [illegible] the State of Alabama and all of its employees [illegible] our property, [illegible] maintenance or repair of said road, [illegible] is hereby admitted and acknowledged, and that [illegible] and or changing of the buildings [illegible] partially on the above described right-of-way and or structures [illegible] State Highway Department before same shall [illegible] in writing [illegible] State Highway Department. The grantor hereby grants [illegible] to valid and binding on the said State Highway Department [illegible] grantor's adjoining property at any time during construction period of project for purpose of moving grantor's buildings or other structures from the above described right-of-way.

In witness whereof, we have hereunto set our hands and seal this the [illegible] day of [illegible] 19[illegible].

Witness:

[signature] (Seal)

[signature] (Seal)

(Acknowledgments on Back)

# LOTS SOLD BY PERCY AND THELMA KIZZIAH

WHEN MR. O.B. MILAM GAVE PERCY AND THELMA KIZZIAH A LOT OF 1.14 AS DESCRIBED BY DEED. THEY BUILT THEIR HOUSE ON PART OF THE OLD ROAD AND PUT THEIR WELL IN THE MIDDLE OF THE ROAD SO NO ONE COULD BUILD BEHIND THEM. WITH OWNING ONLY 1.14 ACRES THEY GAVE 21.84 ACRES AWAY. AS DESCRIBED BY RECORDED DEEDS BELOW.;

| | NAME | ACRES |
|---|---|---|
| 1. | RAYFORD EARL KIZZIAH | .67 |
| 2. | RAYFORD EARL KIZZIAH | .50 |
| 3. | DARREL KIZZIAH | .67 |
| 4. | TERRY KIZZIAH | 20.0 |
| | TOTAL | 21.84 ACR ES |

THERE WERE ONLY 1.14 ACRES IN THE BEGINNING WITH ANOTHER 18 ACRES GIVEN TO TERRY KIZZIAH IN AN ILLEGAL 18 ACRES GIVEN AS A SUVIVORS DEED. DARREL KIZZIAH HAS CLAIMED HAVING A DEED FOR ANOTHER FIVE ACRES ON THE COGGINS PROPERTY THAT THIS COURT GRANTED A NO TRESPASSING ON, MAKING THE TOTAL DEEDS CLAIMED 26.84 ACRES. THIS IS REFERRED TO AS INTENTIONAL FRAUD IN THE CODE OF ALABAMA LAW BOOKS.

ELDON SHARPE
JUDGE

RECORDED CARD
23495

1984 MAR 16 AM 9 12

STATE OF ALABAMA
TALLAPOOSA COUNTY

THE STATE OF ALABAMA )
No. ______
COUNTY OF TALLAPOOSA )

KNOW YE ALL MEN BY THESE PRESENTS:

JOINT SURVIVOR DEED

That in consideration of ---One hundred and no/100 ($100.00) dollars and other good and valuable considerations to the undersigned grantors in hand paid by the Grantees herein, the receipt whereof is acknowledged we FLOSSIE COGGINS and husband VIRGIL COGGINS: BESSIE STANFIELD and husband JOHN STANFIELD; FRANCIS FORBUS and husband JOE FORBUS; JEWEL CARTER and husband WILTON CARTER; THELMA M. KIZZIAH and husband PERCY KIZZIAH; RULA MAE MILAM, the widow of Charles Milam, deceased; CHAN MILAM and wife BETTY SUE MILAM; LARRY MILAM and wife BETTY MILAM; ALVIN MILAM and wife CINDY MILAM; and BARBARA M. SMITH and husband ERNNIE SMITH, (herein referred to as Grantors) do grant, bargain, sell and convey unto PERCY KIZZIAH and wife THELMA M. KIZZIAH (herein referred to as GRANTEES) for and during their joint lives and upon the death of either of them, then to the survivor of them in fee simple, together with every contingent remainder and right of reversion, the following described real estate situated in Tallapoosa County, Alabama, to-wit:

East half of Northwest fourth of Northwest fourth of Section 22, Township 22, Range 22 containing 20 acres, more or less. The highway being the South line of said lot of land. Being and intended to be that property described Volume 66 at page 325, Probate Office, Dadeville, Alabama.
LESS AND EXCEPT that property described in Deed Record Volume 68 at page 171 and Volume 80 at page 41 and Volume 125 at page 389 and Volume 208 at page 92 and Volume 75 at page 140 and Volume 141 at pages 315 and 317 which descriptions are incorporated herein by reference as if set forth in full.
The Grantors and Grantees are all the heirs at law of O. B. Milam, deceased and Matilda Milam deceased, Eula Mae Milam, a single person, Chan Milam, Larry Milam, Alvin Milam and Barbara M. Smith being the widow and children of Charles Milam deceased son of O. B. Milam and wife Matilda Milam, deceased.

TO HAVE AND TO HOLD to the GRANTEES for and during their joint lives and upon the death of either of them, then to the survivor of them in fee simple, and to the heirs and assigns of such survivor forever, together with every contingent remainder and right of reversion;
And we do for ourselves and for our heirs and administrators and executors covenant with the said GRANTEES, their heirs and **********

RECORDING FEES

assigns that we are lawfully seized in fee simple of said premises; that they are free from all encumbrances: That we have a good right to sell and convey the same as aforesaid; that we will and our heirs, executors and administrators shall warrant and defend the same to the said GRANTEES, their heirs and assigns forever, against the lawful claims of all persons.

IN WITNESS WHEREOF we have hereunto set our hands and seal this 20th day of February, 1984.

Flossie Coggins (SEAL)
Flossie Coggins, wife

Virgil Coggins (SEAL)
Virgil Coggins, husband

Bessie Stanfield (SEAL)
Bessie Stanfield, wife

John Stanfield (SEAL)
John Stanfield, husband

Frances Forbus (SEAL)
Francis Forbus, wife

Joe Forbus (SEAL)
Joe Forbus, husband

Jewel Carter (SEAL)
Jewel Carter, wife

Wilton Carter (SEAL)
Wilton Carter, husband

Thelma M. Kizziah (SEAL)
Thelma M. Kizziah, wife

Percy Kizziah (SEAL)
Percy Kizziah, husband

Eula Mae Milam (SEAL)
Eula Mae Milam, widow

Chan Milam (SEAL)
Chan Milam, husband

Betty Sue Milam (SEAL)
Betty Sue Milam, wife

Larry Milam (SEAL)
Larry Milam, husband

Betty Milam (SEAL)
Betty Milam, wife

Barbara M. Smith (SEAL)
Barbara M. Smith, wife

Milam
Page

*****
THE S
COUNT
said
Cogg
and
Thel
Chan
Milam
signe
ledge
the
same
any,

*****
THE S
COUNT
said
whose
to me
conte
day t

Alvin Milam (SEAL)
Alvin Milam, husband

Cindy Milam (SEAL)
Cindy Milam, wife

*************************************************************************

THE STATE OF ALABAMA )

COUNTY OF TALLAPOOSA )

I, the undersigned, a Notary Public in and for said County, in said State, hereby certify that Flossie Coggins and husband Virgil Coggins; Bessie Stanfield and husband John Stanfield; Francis Forbus and husband Joe Forbus; Jewel Carter and husband Wilton Carter; Thelma M. Kizziah and husband Percy Kizziah; Eula Mae Milam, a widow; Chan Milam and wife Betty Sue Milam; Larry Milam and wife Betty Milam and Barbara M. Smith and husband Ernnie Smith whose names are signed to the foregoing conveyance, and who are known to me, acknowledged before me on this day, that, being informed of the contents of the conveyance they executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this 20th day of February, 1984.

Diane P. Davis
Notary Public
My Commission Expires: 07/01/84

*************************************************************************

THE STATE OF TEXAS )

COUNTY OF Green )

I, the undersigned, a Notary Public in and for said County, in said State, hereby certify that Alvin Milam and wife Cindy Milam whose names are signed to the foregoing conveyance, and who are known to me, acknowledged before me on this day, that, being informed of the contents of the conveyance they executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this the 5th day of March, 1984.

(SEAL)

Carolyn Middlebrooke
Notary Public
My Commission Expires: 4/27/85

77005 MARSHALL & BRUCE CO. NASHVILLE

TO

# THE STATE OF ALABAMA, TALLAPOOSA COUNTY

**Know all Men by These Presents,** That We, R. M. Nickerson and wife, Hassie H. Nic[kerson] for and in consideration of Three hundred and no/100 DOL[LARS] to us in hand paid by O. B. Milan & wife, Matilda Milan the receipt whereof we do hereby acknowle[dge] hereby give, grant, bargain, sell, enfeoff, and convey unto the said O. B. Milan and wife, Matilda Milan the following-described real estate, lying in the County of Tallapoosa, State of Alabama—to-wit:

East half of Northwest fourth of Northwest fourth of Section 22, Township 22, Range 22 containing 20 acres, more or less.

**To Have and to Hold,** The aforegranted premises to the said O. B. Milan & wife, Matilda Milan, their heirs and assig[ns] their use and behoof, forever. And we do hereby covenant with the said O. B. Milan & wife, Matilda Mila[n] heirs and assigns, that we are lawfully seized in fee of the aforegranted premises; that they are free from all incumbrances; that we have a good right to sell and convey the same to the said O. B. Milan & wife, Matilda Milan their heirs; and we hereby warran[t] covenant to defend the title to said premises to the said O. B. Milan & wife, Matilda Milan their heirs and assigns, fo[r] against the lawful claims and demands of all persons.

**In Witness Whereof,** we hereunto set our hands and seals this 8th day of July, 194[4]

Signed, sealed, and delivered in the presence of:

R. M. Nickerson (L[.S.])

Hassie H. Nickerson (L[.S.])

**THE STATE OF ALABAMA, TALLAPOOSA COUNTY.**

I, Mrs. Irene L. Patten, a Notary Public in and for said County and S[tate] hereby certify that R. M. Nickerson and wife, Hassie H. Nickerson, whose names are signed to the foreg[oing] conveyance, and who are known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, th[ey] executed the same voluntarily on the day the same bears date. Given under my hand, this 8th day of July, 194[4]

(Seal) Irene L. Patten, Notary Publ[ic]

**THE STATE OF ALABAMA, TALLAPOOSA COUNTY.**

I, Mrs. Irene L. Patten, a Notary Public in and for said County [and] said State, hereby certify that on the 8th day of July, 1944 came before me the within named Hassie H. Nickerson

known to me (or made known to me) to be the wife of the wit[hin] named R. M. Nickerson who, being examined separate and apart from the husband touch[ing] her signature to the within conveyance, acknowledged that she signed the same of her own free will and accord, witho[ut] fear, constraint, or threats on the part of her husband.

**In Witness Whereof,** I hereunto set my hand, this 8th day of July, A.D. 1944

(Seal) Irene L. Patten
Notary Public

**THE STATE OF ALABAMA, TALLAPOOSA COUNTY.**

I hereby certify that $.50 Privilege Tax has been paid on the within instrument, as required by law.

Roy C. Oliver
Judge of Probate.

**THE STATE OF ALABAMA, TALLAPOOSA COUNTY.**

I hereby certify that the foregoing conveyance was filed in this office for record this 22 day of July, 1944, a[t] 9 o'clock A. M., and duly recorded this 22 day of July, 1944, in Deed Record Vol. 66, page 325 and examined.

Roy C. Oliver, Judge of Probat[e]

# CIVIL SUMMONS

**CASE NO.**

CV - 04 - 94

IN THE UNITED STATES ____. **DISTRICT OF** MIDDLE DISTRICT, EASTERN

DIVISION AT: MONTGOMERY, ALABAMA

PLAINTIFF:
GENE COGGINS Pro st
1436 COUNTY RD. #299
LANETT, AL 36863

DEFENDANT:
DARYL KIZZIAH
HWY 280
JACKSON'S GAP, AL 36861

**NOTICE TO** DARYL KIZZIAH

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIREDTO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY;____________ GENE COGGINS

**WHOSE ADDRESS IS:** 1436 COUNTY ROAD #299, LANETT, AL 36863

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN____20 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU, OR A JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU OR YOUR ATTORNEY FOR THE MONEY AND ALL THINGS DEMANDED IN THE COMPLAINT.

**METHOD OF SERVICE;** CHECK ONE

1.________ TO ANY U.S. MARSHAL, YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE COMPLAINT UPON THE DEFENDANT.

2_.________ TO ANY SHERIFF OR AUTHORIZED PERSON AS REQUIRED IN THE FEDERAL AND ALABAMA RULES OF CIVIL PROCEDURES.

3.____X____ SERVICE BY CERTIFIED MAIL, WITH RECEIPT RETURNED TO THE CLERK OF THE COURT AND;.

GENE COGGINS DATE JUNE 26, 07 TO CLERK OR REGISTER

ADDRESS: CLERK OF THE U.S. DIST. COURT, P.O. BOX 711, MONTGOMERY, AL 36101-0711

**RETURN ON SERVICE:** CHECK ONE

1.________RETURN RECEIPT OF CERTIFIED MAIL RECEIVED IN THIS OFFICE ON:
DATE____________________ RECEIVED BY____________________

2.________I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THIS SUMMONS & COMPLAINT TO:____________________ DATE____________________

____________________ ADDRESS____________________

SERVER'S SIGNATURE

# CIVIL SUMMONS

**CASE NO.**

CV - 04 - 94

IN THE UNITED STATES . **DISTRICT OF** MIDDLE DISTRICT, EASTERN

DIVISION AT: MONTGOMERY, ALABAMA

PLAINTIFF:
GENE COGGINS Pro st
1436 COUNTY RD. #299
LANETT, AL 36863

DEFENDANT:
LYNN KIZZIAH
HWY 280
JACKSON'S GAP, AL 36861

**NOTICE TO** LYNN KIZZIAH

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIREDTO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY; GENE COGGINS

**WHOSE ADDRESS IS:** 1436 COUNTY ROAD #299, LANETT, AL 36863

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 20 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU, OR A JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU OR YOUR ATTORNEY FOR THE MONEY AND ALL THINGS DEMANDED IN THE COMPLAINT.

**METHOD OF SERVICE;** CHECK ONE

1.______ TO ANY U.S. MARSHAL, YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE COMPLAINT UPON THE DEFENDANT.

2.______ TO ANY SHERIFF OR AUTHORIZED PERSON AS REQUIRED IN THE FEDERAL AND ALABAMA RULES OF CIVIL PROCEDURES.

3.__X__ SERVICE BY CERTIFIED MAIL, WITH RECEIPT RETURNED TO THE CLERK OF THE COURT AND;.

GENE COGGINS DATE JUNE 26, 07 TO CLERK OR REGISTER

ADDRESS: CLERK OF THE U.S. DIST. COURT, P.O. BOX 711, MONTGOMERY, AL 36101-0711

**RETURN ON SERVICE:** CHECK ONE

1.______ RETURN RECEIPT OF CERTIFIED MAIL RECEIVED IN THIS OFFICE ON:
DATE__________ RECEIVED BY__________

2.______ I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THIS SUMMONS & COMPLAINT TO:__________ DATE__________

__________ ADDRESS__________
SERVER'S SIGNATURE