IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

IN RE:
GENE COGGINS,
1426 County Road #299
Lanett, Alabama 36863

PLAINTIFF,

vs:                              CIVIL ACTION NO. 3:07CV-04-94   3:07CV597-wha

DARYL KIZZIAH and WIFE
LYNN KIZZIAH
DEFENDANTS.

### DEFENDANTS' MOTION FOR SANCTIONS

Defendants Daryl and Lynn Kizziah, husband and wife, by and through undersigned Counsel, file this their Motion for Sanctions against Plaintiff, Gene Coggins and as grounds therefore would state as follows:

1. On May 25, 2004 Gene Coggins and siblings, Kenny Coggins, Mike Coggins, Dianne Harrelson (hereinafter collectively referred to "Plaintiffs") filed a suit in United States District Court, Middle Alabama Eastern Division said case style, case identified as 3:04-CV-505-F. Plaintiffs filed the action as a result of a property dispute with the Defendants which this Court dismissed on or about the 14th day of June, 2004. The basis for the Court's ruling was lack of in personam or in rem jurisdiction.

2. Defendants Daryl and Lynn Kizziah then filed an action in Tallapoosa County Circuit Court at Dadeville, Alabama identified by case number CV-04-94 alleging trespass and a Bill to Quiet Title. This matter has been litigated to a full conclusion and a judgment entered by Circuit Judge, Honorable Ray D. Martin on or about the 20th day of June, 2007 ( a copy is attached hereto and incorporated herein by reference.)

3. Plaintiff, Gene Coggins has now filed another action styled Complaint and Motion to Appeal Order in the United States District Court for the Middle District of Alabama Eastern Division, civil action 3:07-CV-04-94 which attempts to appeal the Order rendered by Circuit Judge Ray D. Martin, in the Circuit Court of Tallapoosa County at Dadeville, Alabama; and, in addition, attempts to initiate a Complaint for the very same action which was dismissed by this Honorable Court in its Memorandum Opinion and Order dated June 14, 2004.

4. Defendants have been required to retain counsel, to answer and file responsive pleadings in regards to the Plaintiff, Gene Coggins' latest filing in District Court.

5. Rule 11(c), *Federal Rules of Civil Procedure* applies to all pleadings and motions signed by a party or an attorney if the Court determines that the pleading, motion or other paper are presented for improper purposes, to harass or cause unnecessary delay or needless increase in the costs of litigation; or that the claims, defenses and other legal contentions are unwarranted by existing law by non frivolous arguments or; if the allegations and factual contentions have no evidentiary support. Rule 11(c) allows sanctions for violations of the rule.

6. Defendants assert that Plaintiff, Gene Coggins, by filing this action in Federal District Court, is guilty of violating Rule 11, *Federal Rules of Civil Procedure* by filing an unwarranted claim previously dismissed by this Honorable Court. Defendants move this Honorable Court to Order Sanctions for reasonable attorney fees and expenses incurred by the Defendants in responding to this action. In addition, Defendants move this Court for sanctions against Plaintiff, Gene Coggins enjoining him from filing any further pleadings in this Court against the Defendants involving the subject matter of this litigation.

WHEREFORE, PREMISES CONSIDERED, Defendants move this Court for such other relief as is mete and proper under the circumstances.

Respectfully submitted,

Robin F. Reynolds   REY023
Attorney for Defendants

OF COUNSEL:
ROBIN F. REYNOLDS, P.C.
139 South Broadnax Street
Dadeville, Alabama 36853
(256) 825-8251

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following persons by means of delivery shown below and to the location designated, properly addressed and delivery charges prepaid on this the 15th day of July, 2007.

Gene Coggins
1436 County Road #299
Lanett, Alabama 36863

_____
OF COUNSEL

[ X ] U.S. Mail        [ ] Hand Delivery        [ ] Facsimile        [ ] FedEx

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA
AT DADEVILLE

DARYL KIZZIAH, and wife,           )
LYNN KIZZIAH.                      )
                                   )
          Plaintiffs,              )
                                   )
vs.                                )   Civil Action No: CV-04-94
                                   )
GENE COGGINS, et al.               )
                                   )
          Defendants.              )



## ORDER

    This matter having been previously set on numerous prior occasions was called for trial on the 9th day of May, 2007. Upon the call of the case for trial, Daryl Kizziah and Lynn Kizziah along with their Counsel, the Honorable Robin F. Reynolds, appeared before the Court. Defendant, Gene Coggins, Mike Coggins, and Diane Coggins were present before the Court, but, Defendant, Kenny Coggins was not present in Court and none of the remaining Defendants knew of his whereabouts. The Court notes that all of the Defendants had been served notice of the trial date. The Plaintiff announced ready for trial and Defendant, Gene Coggins, asked the Court for a continuance. This matter has been continued on at least three prior occasions, wherein the Defendants were represented by Counsel who has since withdrawn. The Defendant, Gene Coggins stated the basis for the continuance was that he had asked for a jury trial, and this matter was set for a bench trial.

    The Court has previously addressed this issue. The case was called for trial on January 17, 2006 and the Court continued the matter based upon representation of the Defendant's Counsel that a jury trial had been demanded. The Court placed the case on the regular jury trial docket by Court's order of February 2, 2006. The Court was subsequently informed by the Circuit Clerk of Tallapoosa County that the Defendant had not paid the required jury trial fee and the Court ordered the Defendant to pay the fee within thirty days or the case would be reinstated upon the non-jury docket. This order was signed by the Court on the 19th day of April, 2006.

    The Court entered an order on June 26, 2006 placing this case on the Court's non-jury docket for the Defendant's failure to pay the necessary filing fee requesting a jury trial. The matter has been continued one time subsequent to the Court's order of June 26, 2006 due to the poor health of the Defendant, Dianne Coggins Harrelson.

    This case has a long history. Defendants had previously filed an action in the United States District Court Middle District of Alabama, Case number 3:04 CV 505-F on May 26, 2004. This matter was dismissed by the United States District Court for lack of subject matter and in personam jurisdiction. The Plaintiffs, Daryl and Lynn Kizziah filed this action in state Court stating two claims, a bill to quiet title to the property subject to this dispute and a trespass action against the

Defendants. The Court heard extensive testimony and received evidence and exhibits *ore tenus*. Plaintiffs introduced a survey by Dan Cook, a licensed surveyor in the State of Alabama, which was undisputed by the Defendants. In addition, Mr. Cook testified before the Court as to the location of the subject property and the results of his survey which clearly show the subject property lies in east Tallapoosa County, Alabama and is more particularly described as follows:

> Commence at a concrete marker set by the Alabama Highway Department marking the northwest corner of Section 22, Township 22 North, Range 22 East, Tallapoosa County, Alabama; thence run due East 734.35 feet to the point of beginning; thence South 01 ° 56' 30" West 928.69 feet; thence South 22 ° 04' 26" East 130.67 feet; thence South 05 ° 03' 06" West 134.38 feet to the North right-of-way line of U.S. Highway No. 280 (under construction); thence along said right-of-way the following courses: South 81 ° 10' 37" East 60.63 feet; North 15 ° 03' 30" East 87.09 feet; North 88 ° 22' 25" East 64.52 feet; thence leave said right-of-way line North 05 ° 02' 18" East 94.38 feet; thence North 73 ° 22' 30" West 25.80 feet; thence North 16 ° 36' 14" East 132.13 feet; thence North 01 ° 56' 30" East 878.97 feet; thence due West 203.95 feet to the point of beginning; situated in the East one-half of the Northwest Quarter of the Northwest Quarter of Section 22, Township 22 North, Range 22 East, Tallapoosa County, Alabama, and containing 5.093 acres. **Less and except**, an easement for ingress and egress, 20 feet in width bounded on the East side as follows: Commence at a concrete marker set by the Alabama Highway Department marking the northwest corner of Section 22, Township 22 North, Range 22 East, Tallapoosa County, Alabama; thence run due East 734.35 feet; thence South 01 ° 56' 30" West 928.69 feet; thence South 22 ° 04' 26" East 130.67 feet; thence South 05 ° 03' 06" West 134.38 feet to the North right-of-way line of U.S. Highway No. 280 (under construction); thence along said right-of-way South 81 ° 10' 37" East 60.63 feet to the point of beginning of said East boundary of easement; thence North 15 ° 03' 30" East 87.09 feet; thence North 88 ° 22' 25" East 64.52 feet; thence North 05 ° 02' 18" East 94.38 feet to the point of ending of said East boundary of easement.

> Which lies in the East half of the NW 1/4 of the NW 1/4 of Section 22, Township 22, Range 22, Tallapoosa County, Alabama.

Mr. Cook further testified that he observed several car bodies, a trailer, an abandoned bus, and a concrete foundation located within the boundary of the Plaintiffs' property. The Court took testimony from Mr. Cook in the absence of Kenny Coggins and broke to allow the Defendants to locate Kenny Coggins before resumption of the matter. At the resumption of the trial, Defendants Gene Coggins, Mike Coggins and Dianne Coggins stated to the Court that they had attempted to located Kenny Coggins and were unable to do so. The Court finds that it has jurisdiction over all Defendants and that each Defendant had been personally served notice of the date and time of trial.

Plaintiffs introduced a series of deeds that show continuous ownership of the property in question by Plaintiffs family dating back to 1944.

After a review of the deeds introduced by the Plaintiffs, it is quite clear that the property in question is located within the east half of the NW 1/4 of the NW 1/4 of Section 22, Township 22, Range 22, Tallapoosa County, Alabama.

The Court further finds that the Defendants claim to ownership of the aforementioned property is based upon a deed to Defendants mother and father for the west half of the NW 1/4 of the NW 1/4 of Section 22, Township 22, Range 22, Tallapoosa County, Alabama. Of significance, the Court finds there was a joint survivor deed executed by the Defendants parents, Flossie Coggins and husband, Virgil Coggins, along with all other legal heirs at law of the Estate of O.B. Milam, deceased and Matilda Milam, deceased. This deed was executed and recorded on March 16, 1984 in Tallapoosa County Office of Judge of Probate. The Defendants claim of adverse possession to the subject property is without basis, or merit and as such, fails.

Plaintiffs, father, Terry Kizziah, testified that the subject property had been in his family since 1944, and had been passed down from generation to generation. Mr. Kizziah further testified to witnessing Mike Coggins and others depositing car bodies, a bus, various automobile parts, tires, batteries, etc., on the subject property along with pouring a concrete foundation and laying concrete blocks for a partially built structure on the Plaintiffs property.

The Court also heard testimony from Defendant, Mike Coggins that he had run a salvage yard from this location. Defendant, Mike Coggins testified that after this civil action was initiated he began removal of automobile bodies, other parts and debris including concrete blocks from the property. The Court finds that the Plaintiffs are entitled to the relief prayed for in the Complaint. Accordingly, it is ORDERED, ADJUDGED and DECREED:

1. That all right, title, interest and ownership of the Plaintiffs is hereby established and forever quieted both in rem and in personam against the property which is more particularly described as:

Commence at a concrete marker set by the Alabama Highway Department marking the northwest corner of Section 22, Township 22 North, Range 22 East, Tallapoosa County, Alabama; thence run due East 734.35 feet to the point of beginning; thence South 01 ° 56' 30" West 928.69 feet; thence South 22 ° 04' 26" East 130.67 feet; thence South 05 ° 03' 06" West 134.38 feet to the North right-of-way line of U.S. Highway No. 280 (under construction); thence along said right-of-way the following courses: South 81 ° 10' 37" East 60.63 feet; North 15 ° 03' 30" East 87.09 feet; North 88 ° 22' 25" East 64.52 feet; thence leave said right-of-way line North 05 ° 02' 18" East 94.38 feet; thence North 73 ° 22' 30" West 25.80 feet; thence North 16 ° 36' 14" East 132.13 feet; thence North 01 ° 56' 30" East 878.97 feet; thence due West 203.95 feet to the point of beginning; situated in the East one-half of the Northwest Quarter of the Northwest Quarter of Section 22, Township 22 North, Range 22 East, Tallapoosa County, Alabama, and containing 5.093 acres. **Less and except,** an easement for ingress and egress, 20 feet in width bounded on the East side as follows: Commence at a concrete marker set by the Alabama Highway Department marking the northwest corner of Section 22, Township 22 North, Range 22 East, Tallapoosa County, Alabama; thence run due East 734.35 feet; thence South 01 ° 56' 30" West 928.69 feet; thence South 22 ° 04' 26" East 130.67 feet; thence South 05 ° 03' 06" West 134.38 feet to the North right-of-way line of U.S. Highway No. 280 (under construction); thence along said right-of-way South 81 ° 10' 37" East 60.63 feet to the point of beginning of said East boundary of easement; thence North 15 ° 03' 30" East 87.09 feet; thence North 88 ° 22' 25" East 64.52 feet; thence North 05 ° 02' 18" East 94.38 feet to the point of ending of said East boundary of easement.

2. The clerk of this Court shall certify copies of this judgment and record the same in the Office of the Judge of Probate of Tallapoosa County, Alabama, and the same shall be indexed in the same books and in the same manner in which deeds are recorded and said judgment shall be indexed in the name of the Defendants against whom this relief is granted in the direct index and in the name of the Plaintiffs in possession of the property in the reverse index.

3. The Court finds that Defendant Mike Coggins is guilty of trespass. The Court provides Defendant Mike Coggins the alternative to remove all car bodies, car parts, buses, trailers, debris, batteries, parts of any nature, including the concrete foundation and all concrete blocks within sixty (60) days of this Order. Should Defendant, Mike Coggins fail to remove all of the aforementioned items, the court awards a monetary judgment in the amount of $5,000.00 to the Plaintiffs for which let execution issue.

4. Costs of this action are taxed as paid.

Done and Ordered this 20th day of June, 2007.

_____
Ray D. Martin, Circuit Judge

copies
6.20.07
R. Reynolds
G. Coggins
K. Coggins
M. Coggins
D. Narrelson

I, Frank Lucas, Clerk of the Circuit Court of Tallapoosa County, Alabama, do hereby certify that the foregoing is a true and correct copy of the original _____Order_____ on file and enrolled in my office.
Witness my hand and the official seal of this court this the 20th day of June 2007
_____
Frank Lucas, Circuit Clerk